IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER SCOTT MCDOUGAL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:12-cr-00062-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release or immediate placement in home confinement.[1] The government and the United States Probation Office oppose Defendant's Motion.[2] While Defendant has serious health conditions, he fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to justify compassionate release. Also, because jurisdiction is lacking to order Defendant's placement in home confinement, Defendant's Motion[3] is DENIED.

## DISCUSSION

### Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Spencer McDougal's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) ("Motion"), docket no. 117, filed under seal July 9, 2020.

[2] United States' Response in Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 119, filed under seal July 17, 2020; First Step Act Relief Recommendation ("Recommendation"), docket no. 121, filed under seal July 27, 2020.

[3] Docket no. 117, filed under seal July 9, 2020.

him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[6] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[7]

Defendant submitted a request for relief under the First Step Act to the Warden at FCI Terminal Island on May 8, 2020.[8] The Warden denied Defendant's request on June 9, 2020.[9] And on July 1, 2020, Defendant filed his Motion.[10] Therefore, the Motion is procedurally proper and its merits may be addressed.[11]

## Defendant fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to warrant compassionate release

Defendant argues that because his medical conditions place him in the high risk category of suffering serious complications or death if he contracts COVID-19, extraordinary and compelling reasons exist to warrant compassionate release.[12] Defendant asserts that he is 63

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[7] 18 U.S.C. § 3582(c)(1).

[8] Motion at 5; Response at 7.

[9] Motion at 5; Response at 7.

[10] Defendant originally filed his Motion on July 1, 2020. Docket no. 114, filed under seal July 1, 2020. He later refiled the Motion on July 9, 2020 to correct a filing error. Docket no. 117, filed under seal July 9, 2020.

[11] 18 U.S.C. § 3582(c)(1)(A).

[12] Motion at 1-2, 9-12.

years old; has served over half of his 222-month prison sentence; and suffers from asthma, obesity, high blood pressure, Crohn's Disease, high cholesterol, autoimmune disease, carpal tunnel syndrome, chronic cough, rhinitis, edema, borderline diabetes, cognitive decline, disorder of breast, otitis media, sinusitis, peripheral neuropathy, chronic low back pain, generalized muscle weakness, and facial paralysis.[13] Defendant also asserts that he is a model inmate and in the low risk category for reoffending.[14] And if granted relief, Defendant will reside with his wife in Taylorsville, Utah, and will be supported by his wife and brothers, who will provide him with resources to participate in therapy and counseling.[15]

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission ("USSC") has defined the phrase "to include serious medical conditions and the age of the defendant."[16] The USSC policy statement is not binding for purposes of Defendant's Motion.[17] But it does provide helpful considerations for determining whether Defendant's circumstances constitute extraordinary and compelling reasons to warrant relief. Specifically, the policy statement provides that "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment,

---

[13] *Id*. at 1-3, 10.

[14] *Id*. at 2, 4, 13.

[15] *Id*. at 12.

[16] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[17] *United States v. Maumau*, No, 2:08-cr-00758-TC-11, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020).

> or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[18]

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[19]

"Extraordinary and compelling reasons" also include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions and age.[20]

Defendant fails to demonstrate that his medical conditions constitute an extraordinary and compelling reason to warrant relief. Defendant has several infirmities.[21] And these conditions place Defendant in the high risk category of suffering serious complications or death if Defendant contracts COVID-19.[22] However, Defendant does not assert that he is suffering from a terminal illness. There is only the potential for serious complications if Defendant contracts COVID-19. Defendant also provides no evidence or argument regarding his likelihood of recovery from his medical conditions, or that he is unable to provide self-care. Defendant does assert that he cannot receive treatment for some of his conditions (in particular, his facial paralysis, which comes and goes, and the cause of which is unknown) due to current restrictions

---

[18] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A).

[19] *Id*. at Commentary Application Notes 1(B).

[20] *Id*. at Commentary Application Notes 1(D). Certain family circumstances may also constitute "extraordinary and compelling reasons" to warrant relief. *Id*. at Commentary Application Notes 1(C). But such family circumstances are not applicable in this case.

[21] Motion at 1-3, 10; BOP Medical Records, docket no.117-1, filed under seal July 9, 2020, docket no. 119-1, filed under seal July 17, 2020.

[22] Motion at 1-3, 10; BOP Medical Records; https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 30, 2020).

at FCI Terminal Island.[23] But his prison medical records indicate that he is receiving medical attention, treatment, and medication for his conditions.[24] And Defendant acknowledges that FCI Terminal Island is a low-security correctional institution that presumptively specializes in housing prisoners that require long-term medical and mental health care.[25] On this record, Defendant fails to demonstrate that his circumstances rise to the level of a serious physical or medical condition; suffering from a serious functional impairment; or deteriorating physical health that substantially diminish his ability to provide self-care within a correctional facility.

Defendant also fails to meet extraordinary and compelling reasons to warrant relief based on his age. Defendant is 63 years old.[26] He has not demonstrated that his medical conditions rise to the level of serious deterioration in physical health because of the aging process. And Defendant has not served at least 10 years or 75 percent of his prison term. He has served just over half of his 222-month prison sentence.[27]

Additionally, the combination of Defendant's medical conditions and age, and the current COVID-19 pandemic do not constitute extraordinary and compelling reasons to warrant relief. Defendant's medical conditions and age put him in the high risk category for serious complications or death if he contracts COVID-19.[28] And Defendant asserts that the following conditions of his confinement put him at risk of contracting COVID-19:

---

[23] Motion at 3, 11; Reply in Support of Spencer McDougal's Motion for Compassionate Release ("Reply") at 4, docket no. 120, filed under seal July 22, 2020.

[24] BOP Medical Records.

[25] Motion at 7.

[26] Motion at 2.

[27] *Id*.

[28] *Id*. at 1-3, 10; BOP Medical Records; https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 30, 2020).

- Defendant is housed in a 9' x 12' cell with another inmate;

- Defendant receives meals and other necessities through contact with prison staff;

- Defendant uses bathrooms, showers, and dining facilities used by hundreds of inmates;

- Defendant lacks access to cleaning supplies;

- FCI Terminal Island has had 673 confirmed inmate cases of COVID-19 (approximately a 70% infection rate) and 10 inmate deaths; and

- Defendant does not control his environment and has no ability to make choices about following CDC guidelines and recommendations regarding COVID-19.[29]

However, Defendant also asserts that FCI Terminal Island has implemented substantial restrictions on inmates and prison staff to limit personal interactions and curb the spread of COVID-19.[30] These restrictions include canceling all programs, classes, and counseling for inmates.[31] Indeed, the Bureau of Prisons has implemented stringent protocols in order to stop any spread of COVID-19 to inmates and staff. These protocols include:

- All inmates in every institution are secured in their assigned cells for a period of at least 14 days;

- Only limited group gathering is permitted to facilitate commissary, laundry, showers, telephone, and computer access;

- All staff and inmates have been and will continue to be issued face masks and encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved;

- All newly admitted inmates are screened for COVID-19 exposure and symptoms;

- Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff;

---

[29] *Id.* at 3, 7, 10-11; Reply at 3-4.

[30] Motion at 3.

[31] *Id.*

- Symptomatic inmates are placed in isolation until they test negative for COVID-10 or are cleared by medical staff as meeting CDC criteria for release from isolation;

- Prison staff are temperature checked before entering the facilities, and any staff member with a temperature of 100.4 degrees Fahrenheit or higher is barred from the facility;

- Staff members having a stuffy or runny nose may be placed on leave by a medical officer;

- Official travel for prison staff, and most training, has been cancelled;

- Social and legal visits at facilities have been suspended since March 13, 2020; and

- Expanded COVID-19 testing for inmates.[32]

FCI Terminal Island has been hard hit by the COVID-19 pandemic.[33] However, there are currently only four inmate and five staff confirmed active COVID-19 cases.[34] On the other hand, Utah has seen a recent spike in confirmed COVID-19 cases, with multiple days of record numbers of confirmed positive cases.[35] And the area in which Defendant plans to reside if released—Taylorsville, Utah—is located in a county with increased case rates and the state's highest number of confirmed cases, hospitalizations, and deaths.[36] Defendant may be able to exercise more personal control over following CDC guidelines and recommendations if release. But on this record, Defendant has not shown that he is more likely to contract COVID-19 in custody than if released. Therefore, Defendant fails to demonstrate that the combination of his medical condition and age, and the current COVID-19 pandemic constitute extraordinary and compelling reasons to warrant relief.

---

[32] https://www.bop.gov/coronavirus (last visited July 29, 2020).

[33] Motion at 7; Reply at 4.

[34] https://www.bop.gov/coronavirus (last visited July 29, 2020).

[35] https://coronavirus.utah.gov/case-counts (last visited July 29, 2020).

[36] *Id.*

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Defendant compassionate release or a reduced sentence. Defendant was convicted of one count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).[37] He had no prior criminal history.[38] However, the offense conduct included surreptitious recording of underage victims, including a member of his household, while the victims were changing clothes or naked.[39] Defendant also created an online persona of 17-year-old, which he used to communicate with underage victims and have them send him explicit photographs of themselves.[40] Defendant also admitted to sexually abusing one of his victims through skin-to-skin and over the clothing contact on at least two occasions.[41] The offense carries a 15-year minimum mandatory sentence.[42] Defendant was sentenced to 222 months,[43] which is greater than the minimum mandatory, but 40 months below the low end of Defendant's guideline range.[44] Defendant was also sentenced to a life term of supervised release.[45] Importantly, he has not completed Sex Offender therapy or treatment.[46]

The serious nature and circumstances of Defendant's offense, his use of surreptitious means and the Internet to perpetrate the crime, the appropriateness of the original 222-month prison sentence, that time equivalent to the offense's minimum mandatory sentence has not been

---

[37] Amended Judgment in a Criminal Case ("Judgment") at 1, docket no. 108, filed Oct. 22, 2013.

[38] Presentence Investigation Report ("PSR") ¶¶ 71-72, docket no. 118-2, filed under seal July 10, 2020

[39] *Id*. ¶¶ 7-23.

[40] *Id*.

[41] *Id*.

[42] 18 U.S.C. § 2251(e).

[43] Judgment at 1.

[44] PSR ¶ 96.

[45] Judgment at 3.

[46] Recommendation; Motion at 13.

served, and the need to protect the public from further crimes weigh heavily against granting relief to Defendant. Therefore, Defendant has not demonstrated that his circumstances constitute extraordinary and compelling reasons to warrant compassionate release or a reduced sentence.

### Jurisdiction is lacking over Defendant's request for home confinement

Defendant alternatively requests that he immediately be placed in home confinement to serve the remainder of his sentence.[47] However, the authority to designate the place of an inmate's incarceration rests with the Bureau of Prisons, not the sentencing court.[48] "The Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[49] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the Bureau of Prisons] is not reviewable by any court."[50] Therefore, jurisdiction is lacking over Defendant's request for home confinement. The relevant factors set forth in 18 U.S.C. § 3553(a) also do not support recommending to the Bureau of Prisons under 18 U.S.C. § 3621(b) that Defendant be placed in home confinement.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[51] is DENIED.

Signed July 30, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[47] Motion at 2, 14; Reply at 10-11.

[48] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[49] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[50] 18 U.S.C. § 3621(b).

[51] Docket no. 117, filed under seal July 9, 2020.