IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SPENCER SCOTT MCDOUGAL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:12-cr-00062-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release or immediate placement in home confinement ("Motion").[1] The government oppose Defendant's Motion on grounds of failure to exhaust administrative remedies and consideration of the relevant factors of 18 U.S.C. § 3553(a).[2] The Probation Office recommends Defendant's Motion be granted based on Defendant's current medical condition, and states that Defendant does not pose a risk to the public.[3]

As correctly stated in the Probation Office's Recommendation, Defendant has serious health conditions and diminished capacity that render him no longer a risk to the public. Defendant has demonstrated that his circumstances constitute extraordinary and compelling

---

[1] Emergency Motion of Spencer McDougal for Compassionate Release ("Motion"), docket no. 124, filed under seal Feb. 2, 2026.

[2] United States' Response in Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 127, filed under seal Feb. 6, 2026.

[3] First Step Act Relief Recommendation ("Recommendation"), docket no. 129, filed under seal Feb. 6, 2026.

reasons to justify compassionate release, and his release would not be inconsistent with the relevant § 3553(a) factors. Therefore, Defendant's Motion[4] is GRANTED.

## DISCUSSION

### Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[5] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6]

Defendant submitted a request for relief under the First Step Act to the Warden at FCI Terminal Island on October 18, 2024.[7] The basis for the request was Defendant's age and a litany of medical conditions, including cancer that had spread to his lymph nodes. The Warden denied Defendant's request on November 22, 2024.[8] An additional request for relief was also made to the Warden at FCI Terminal Island through Defendant's counsel on January 31, 2026,[9] which was based on the "drastic decline" in Defendant's medical conditions identified in his October 18, 2024, request.

---

[4] Docket no. 124, filed under seal Feb. 2, 2026.

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[6] 18 U.S.C. § 3582(c)(1)(A).

[7] Inmate Request to Staff, docket no. 124-2, filed under seal Feb. 2, 2026.

[8] Response to Inmate Request to Staff, docket no. 124-3, filed under seal Feb. 2, 2026.

[9] Inmate Request to Staff, docket no. 124-1, filed under seal Feb. 2, 2026.

The government characterizes Defendant's current medical condition as being different from his October 18, 2024, request, and which the Warden considered in denying that request, in arguing that Defendant has failed to exhaust his administrative remedies.[10] This characterization is inaccurate. Defendant's Motion is premised on his current medical condition, which has required his removal from FCI Terminal Island and placement in the intensive care unit of a hospital.[11] But his current medical state is not new but a decline in Defendant's health and capacity resulting from the medical conditions identified in his October 18, 2024, request.[12]

The "rapid decline" in Defendant's physical and cognitive condition since December 2025, and Defendant's placement in a hospital,[13] also inhibited his ability to make any additional request for relief to the Warden until January 31, 2026. It was not until then that Defendant's counsel became aware of Defendant's current state after Defendant failed to contact his family for several weeks and the Prison Chaplain contacted Defendant's wife to inform her of his "acute illness" and "poor prognosis."[14] It would not be appropriate to require Defendant to wait an additional 30 days from January 31, 2026, to file his Motion where the basis for the Motion is Defendant's ongoing and declining medical conditions that were considered and denied by the Warden in November 2024.

Under these circumstances, and on this record, Defendant has sufficiently exhausted his administrative remedies. Defendant's Motion is procedurally proper and its merits may be addressed.

---

[10] Response at 6-9.

[11] Motion at 2-9, 11; Recommendation.

[12] Motion at 2-9, 11; Recommendation.

[13] Recommendation.

[14] Inmate Request to Staff; Affidavit in Support of Motion for Compassionate Release, docket no. 130-1, filed under seal Feb. 9, 2026.

### Defendant is entitled to compassionate release

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a motion for compassionate release may be granted only if three requirements are met: (1) extraordinary and compelling reasons warrant relief; (2) relief is consistent with applicable policy statements issued by the United States Sentencing Commission ("USSC"); and (3) the district court considers the factors set for in 18 U.S.C.§ 3553(a), to the extent that they are applicable.[15]

**Defendant's medical conditions constitute extraordinary and compelling reasons to warrant compassionate release**

District courts "possess the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,'" to warrant compassionate release.[16] However, this discretion is "bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the [USSC]."[17] The USSC's applicable policy statement defines "extraordinary and compelling reasons" regarding a defendant's medical circumstances to include:

> The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.[18]

Defendant argues that because his medical conditions, his inability to give self-care, and the prison's inability to adequately and timely provide him care for his conditions, extraordinary and compelling reasons exist to warrant compassionate release.[19] Defendant is 68 years old; has

---

[15] *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

[16] *Id*. at 832.

[17] *Id*.

[18] U.S.S.G. 1B1.13(b)(1)(A) (effective Nov. 1, 2023).

[19] Motion at 11.

served approximately 76.7% of his 222-month prison sentence; and suffers from asthma, obesity, high blood pressure, Crohn's Disease, high cholesterol, autoimmune disease, carpal tunnel syndrome, chronic cough, rhinitis, edema, borderline diabetes, cognitive decline, breast disorder, otitis media, sinusitis, peripheral neuropathy, chronic low back pain, generalized muscle weakness, facial paralysis, and stage 3 malignant melanoma.[20] Since December 2025, Defendant has shown a rapid decline in his physical and cognitive ability.[21] He is currently hospitalized due to cholecystitis (inflammation of the gallbladder) and septic shock.[22] Defendant also asserts that he is a model inmate that has received no disciplinary infractions while incarcerated, and is in the low risk category for reoffending.[23] And if granted relief, Defendant will reside with his wife, who will serve as his primary caregiver, in Salt Lake County, Utah.[24]

On this record and considering the totality of Defendant's medical circumstances, including his malignant cancer diagnosis and inability to provide self-care, extraordinary and compelling reasons warrant Defendant receiving compassionate release.[25] And such relief is consistent with the USSC's applicable policy statement.

**The relevant factors of 18 U.S.C. § 3553(a) do not preclude compassionate release**

The relevant factors of 18 U.S.C. § 3553(a) do not preclude granting Defendant compassionate release. Defendant was convicted of one count of Production of Child

---

[20] *Id*. at 2-9, 11' First Step Act Relief Eligibility Report ("Report") at 2-5, docket no. 128, filed under seal Fed. 6, 2026.

[21] Recommendation.

[22] Motion at 2-9, 11; Report at 4-5.

[23] Motion at 12-13.

[24] *Id*. at 13-14; Report at 5.

[25] The government acknowledges in its Response that Defendant's medical conditions constitute extraordinary and compelling circumstances. Response at 10.

5

Pornography.[26] The offense conduct involved Defendant victimizing four young girls.[27] Defendant also sexually abused one of his victims on at least two occasions.[28] And had created a fake online persona to obtain nude photos of underaged girls.[29] Defendant's psychosexual evaluation diagnosed him with voyeurism, paraphilia, and sexual abuse of a child.[30] He received a 222-month sentence of incarceration and a life term of supervised release.[31]

The government argues that Defendant's original sentence remains appropriate, and that Defendant remains a danger to the safety of the community.[32] And the government emphasizes that Defendant has not completed sex offender therapy or treatment.[33]

The seriousness of Defendant's offense and his conduct cannot be understated. Nearly six years ago, Defendant was denied compassionate release upon consideration of the § 3553(a) factors.[34] Specifically, it was determined that "[t]he serious nature and circumstances of Defendant's offense, his use of surreptitious means and the Internet to perpetrate the crime, the appropriateness of the original 222-month prison sentence, that time equivalent to the offense's minimum mandatory sentence has not been served, and the need to protect the public from further crimes weigh heavily against granting relief to Defendant."[35]

---

[26] Recommendation.

[27] *Id*.

[28] *Id*.

[29] *Id*.

[30] *Id*.

[31] *Id*.

[32] Response at 10-11.

[33] *Id*.

[34] Memorandum Decision and Order Denying Motion for Compassionate Release, docket no. 122, filed July 31, 2020.

[35] *Id*. 8-9.

The seriousness of Defendant's offense and conduct has not changed. Nor has the appropriateness of the 222-month sentence when it was imposed. However, Defendant has now served nearly six years more of his term of incarceration. And he is scheduled for release in approximately 18 months.[36] Defendant is also now gravely ill with substantially impaired physical and cognitive ability.[37] And the Probation Office, after investigation and based on his current condition and diminished capacity, has taken the position that Defendant does not pose a risk to the public.[38]

In considering and balancing the relevant factors of 18 U.S.C. § 3553(a), the seriousness of the offense and the appropriateness of Defendant's original sentence are tempered by Defendant being approximately 18 months away from his expected release date. The need to protect the public from further crimes is also tempered by Defendant's serious medical conditions. Additionally, upon release from prison, Defendant will remain on supervised release for life. Supervised release will provide means to ensure Defendant does not commit further crimes and will give options to address Defendant's actions (including further incarceration) if necessary. Therefore, the relevant factors of 18 U.S.C. § 3553(a) do not preclude granting Defendant compassionate release.

**Defendant's release plan is suitable for reentry and supervision**

Defendant's proposed release plan is to live with his wife, who will act as his primary caregiver, in Salt Lake County, Utah.[39] Defendant's brothers will also provide assistance.[40] The

---

[36] Report at 3.

[37] Recommendation.

[38] *Id*.

[39] Motion at 13-14; Report at 5.

[40] Report at 5.

Probation Office has also learned that Defendant's health will likely prevent him from traveling to Utah from California, where he is hospitalized.[41] The Probation Office has indicated that if Defendant is unable to travel to Utah, a transfer of supervision or courtesy supervision will be requested to the Middle District of California.[42] Based on the Probation Office's assertions and Recommendation, Defendant's release plan is appropriate.

**Defendant is entitled to compassionate release**

Defendant's medical circumstances and inability for self-care constitute extraordinary and compelling reasons to warrant compassionate release. This relief is consistent with the USSC's applicable policy statement. The relevant factors of 18 U.S.C. § 3553(a) also do not preclude granting Defendant compassionate release. And Defendant's release plan is appropriate and suitable for reentry and supervision purposes. Therefore, Defendant is entitled to compassionate release.

### ORDER

IT IS HEREBY ORDERED that Defendant's Motion[43] is GRANTED. Defendant's term of incarceration is reduced to time served effective February 10, 2026. Defendant's life term of supervised release shall begin February 10, 2026.

Signed February 10, 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[41] *Id*.

[42] *Id*.

[43] Docket no. 124, filed under seal Feb. 2, 2026.